UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEEKS MARINE, INC.,<br><br>      Plaintiff,<br><br>  - against -<br><br>AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., and SHIPOWNERS CLAIMS BUREAU, INC., as the manager of American Steamship,<br><br>      Defendants. | ECF CASE<br><br>Case No.: 07 CV 9251 (RJH/DCF)<br><br>ANSWER TO FIRST<br>AMENDED COMPLAINT<br>WITH AFFIRMATIVE DEFENSES |

  Defendants, American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club" or the "Club") and Shipowners Claims Bureau, Inc. ("SCB," together with the Club, "Defendants"), by and through their attorneys, Thacher Proffitt & Wood LLP, hereby answers the First Amended Complaint (the "Complaint") of Plaintiff, Weeks Marine, Inc. ("Plaintiff"), as follows:

## ANSWER TO JURISDICTION ALLEGATIONS

  1. Paragraph 1 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 1 of the Complaint.

  2. Paragraph 2 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 2 of the Complaint.

  3. Paragraph 3 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny that Plaintiff is entitled to a jury trial.

7. Paragraph 7 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants admit that this matter comes within the Admiralty and Maritime jurisdiction of the United States District Court, pursuant to Title 28 U.S.C. § 1333 et seq., within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty and Maritime and/or Supplemental jurisdiction of the United States, but except as expressly admitted, deny the allegations contained in paragraph 7 of the Complaint.

**ANSWER TO PARTIES ALLEGATIONS**

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants admit that the American Club is a mutual insurance association incorporated in New York, with its principal place of business at One Battery Park Plaza, New York, New York, and admit that the American Club is a foreign insurer authorized to do and doing business in Louisiana, but except as expressly admitted, deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit that SCB is incorporated in New York, with its principal place of business at One Battery Park Plaza, New York, New York, and admit that SCB was and is, at all relevant times, acting as managers of the American Club, but except as expressly admitted, deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. To the extent that the allegations in paragraph 16 of the Complaint relate to the knowledge of entities other than the Defendants, Defendants deny knowledge or information thereof. To the extent that the allegations in paragraph 16 of the Complaint are directed to the Defendants, Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. To the extent that the allegations in paragraph 17 of the Complaint relate to the knowledge of entities other than the Defendants, Defendants deny knowledge or information thereof. To the extent that the allegations in paragraph 17 of the Complaint are directed to the Defendants, Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

29. Defendants admit the allegations contained in paragraph 29 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

30. Defendants admit the allegations contained in paragraph 30 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint and refer to the referenced documents for the true and complete terms thereof, except admit that the referenced Certificates of Entry provided $25 million in indemnity for "specialist operations", as defined in the Certificate of Entry, in excess of the $1 million limit of the underlying specialist operations policy placed with Great American Insurance Company of New York.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint, except admit that Plaintiff has contended that the Club is required to provide defense for certain claims asserted against Plaintiff.

34. Defendants admit that, by letter dated July 31, 2006, the American Club denied coverage for the claims arising from the Mississippi River Gulf Outlet suits, but except as expressly admitted, Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants admit the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint, except admit that the Club has denied Plaintiff's request to post security.

44. Defendants admit that, on or about December 7, 2006 by letter bearing that date, the Club requested that the instant lawsuit be dismissed because, *inter* alia, the action was premature under the governing rules of the Club on the basis that such difference or dispute shall in the first instance be referred to the Directors and that any such suit was premature until the Directors had rendered a decision, but except as expressly admitted, Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants admit that, in a letter dated December 28, 2006, Plaintiff made the statement quoted in paragraph 45 of the Complaint, but except as expressly admitted, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants admit that in a letter dated December 28, 2006, Plaintiff made the statement quoted in paragraph 46 of the Complaint, but except as expressly admitted, Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

## **ANSWER TO FIRST CAUSE OF ACTION**

48. Defendants repeat and reallege their foregoing responses to paragraphs 1-47 of the First Amended Complaint as if fully set forth herein.

49. Paragraph 49 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 51 of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

52. Defendants repeat and reallege their foregoing responses to paragraphs 1-51 of the First Amended Complaint as if fully set forth herein.

53. Paragraph 53 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 53 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

54. Paragraph 54 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 55 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

57. Paragraph 57 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

59. Paragraph 59 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 60 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

61. Paragraph 61 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 61 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

62. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 63 of the Complaint and refer to the referenced documents for the true and complete terms thereof.

64. Paragraph 64 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Defendants admit that the Club issued two Certificates of Entry to Plaintiff for the coverage period of February 20, 2004 through February 20, 2006, but except as expressly admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 69 of the Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

70. Defendants repeat and reallege their foregoing responses to paragraphs 1-69 of the First Amended Complaint as if fully set forth herein.

71.     Paragraph 71 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 71 of the Complaint, except admit that the Club has denied Plaintiff's request to defend and to post security "in the approximate sum of $ 22,300.00 [sic]."

72.     Paragraph 72 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 73 of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

74.     Defendants repeat and reallege their foregoing responses to paragraphs 1-73 of the First Amended Complaint as if fully set forth herein.

75.     Paragraph 75 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint sets forth a legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 76 of the Complaint, except admit that the Club has denied Plaintiff's request to post security.

77. Paragraph 77 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 77 of the Complaint and refer to the further averments in paragraph 76 above.

78. Paragraph 78 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 79 of the Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

80. Defendants repeat and reallege their foregoing responses to paragraphs 1-79 of the First Amended Complaint as if fully set forth herein.

81. Paragraph 81 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 82 of the Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION

83. Defendants repeat and reallege their foregoing responses to paragraphs 1-82 of the First Amended Complaint as if fully set forth herein.

84. Paragraph 84 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in paragraph 85 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Cover for the claims at issue is specifically excluded by the applicable Club Rules, Certificate(s) of Entry and/or other policy or membership terms and conditions between Plaintiff and the Club.

**THIRD AFFIRMATIVE DEFENSE**

Any claim against Defendants is barred, in whole or in part, by Plaintiff's breach of its obligations under the applicable Club Rules, Certificate(s) of Entry and/or other policy or membership terms and conditions between Plaintiff and the Club.

**FOURTH AFFIRMATIVE DEFENSE**

Any claim against Defendants is barred, in whole or in part, by Plaintiff's breach of the implied covenant of good faith and fair dealing.

**FIFTH AFFIRMATIVE DEFENSE**

Any claim against Defendants is barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

**SIXTH AFFIRMATIVE DEFENSE**

Any claim against Defendants is barred, in whole or in part, by Plaintiff's unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is equitably estopped from recovery.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claim against Defendants is barred, in whole or in part, pursuant to New York State Insurance Law and/or any other applicable statutory provisions.

### NINTH AFFIRMATIVE DEFENSE

Any claim against Defendants is barred, in whole or in part, by Plaintiff's failure to mitigate its claimed damages.

### TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses should defenses be warranted based on the facts disclosed through discovery.

### PRAYER FOR RELIEF

WHEREFORE, Defendants, American Steamship Owners Mutual Protection and Indemnity Association, Inc. and Shipowners Claims Bureau, Inc., pray:

1. that this Court dismiss with prejudice the First Amended Complaint of Plaintiff, Weeks Marine, Inc.;

2. that this Court award Defendants their costs and disbursements for this action, including, but not limited to, attorneys' fees; and

3. that this Court grant Defendants such other and further relief as is just and proper.

Dated:   New York, New York        THACHER PROFFITT & WOOD LLP
         November 2, 2007

                                   By:    /s/ John M. Woods
                                          John M. Woods (JW/0697)
                                          jwoods@tpw.com
                                          Alan F. Kaufman (AK/9114)
                                          akaufman@tpw.com

                                   Two World Financial Center
                                   New York, New York 10281
                                   (212) 912-7400

                                   *Attorneys for Defendants*