USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___
DATE FILED: 4/15/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WEEKS MARINE, INC.

Plaintiff,

-against-

AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., and SHIPOWNERS CLAIMS BUREAU, INC., as the manager of American Steamship,

Defendants.

**ECF CASE**

Case No.: 07 CV 9251 (RJH/DCF)

REVISED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

After consultation between counsel for plaintiff Weeks Marine, Inc. ("Plaintiff") and counsel for defendants American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club" or the "Club") and Shipowners Claims Bureau, Inc. ("SCB," together with the Club, "Defendants"), the following Revised Case Management Plan is adopted. The plan is also a Scheduling Order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and the Court's Individual Rules.

A. **Description of Case**

1. (a) Attorney of record for Plaintiff: John A.V. Nicoletti, Esq. (lead trial attorney), Nicoletti Hornig & Sweeney, Wall Street Plaza, 88 Pine Street, New York, New York 10005, 212-220-3830;

   (b) Attorney of record for Defendants: John M. Woods, Esq. (lead trial attorney), Thacher Proffitt & Wood LLP, Two World Financial Center, New York, New York 10281, 212-912-7400.

2. The alleged basis for Federal jurisdiction is 28 U.S.C. §§ 1332 (diversity) & 1333 (Federal maritime).

3. This is an action seeking insurance coverage for the cost of the defense of Plaintiff's potential liability arising from class action lawsuits brought in the Eastern District of Louisiana by New Orleans residents against the United States and a number of dredging companies that conducted dredging activities in the Mississippi River Gulf Outlet ("MRGO") from the 1950s until the landfall of Hurricane Katrina in September of 2005. The class

action claimants have alleged that various dredging activities conducted from the 1950s through 2005 eroded the MRGO. This erosion, in turn, allegedly provided a "super highway" for the Hurricane Katrina storm surge into New Orleans, purportedly resulting in levee breaches. The claimants have asserted claims (the "MRGO Claims") alleging that the United States and the various dredging companies are directly at fault for the flooding caused by the storm surge by reason of the dredging operations.

Plaintiff is a defendant in the MRGO class actions. Plaintiff has also initiated limitation of liability proceedings in the Eastern District of Louisiana in respect of the vessels it employed dredging the MRGO.

Plaintiff seeks a declaration that the Defendants are required to pay for the cost of defense of the Plaintiff for the MRGO Claims and that, as a result, the Club is obligated to defend the class action suits and to post security in the limitation of liability action. Defendants deny that they owe Plaintiff a defense for these claims because (i) prior to February 20, 2004 Plaintiff's insurance with the American Club did not include any coverage for liabilities arising from dredging activities and (ii) after February 20, 2004 Plaintiff's coverage for dredging activities only extended to loss or damage that occurred while the dredging activities were taking place. The American Club maintains that it has no duty to defend nor does it have a duty to post the limitation security.

On December 5, 2006, Plaintiff initiated a declaratory judgment action in the United States District Court for the Eastern District of Louisiana. On or about January 30, 2007, Plaintiff filed its First Amended Complaint against Defendants in the Eastern District of Louisiana. After Defendants' motion to dismiss for improper venue was denied but the alternative relief to transfer case was granted, the matter was transferred to Southern District of New York and is now lodged in this Court. On or about November 2, 2007, Defendants filed their Answer with Affirmative Defenses in the captioned matter. There are no pending counterclaims.

4. The main issue in the captioned matter is whether Plaintiff's insurance with the Club, provides cover for the Plaintiff's cost of defending against the potential liability arising from the MRGO Claims.

5. Plaintiff seeks a Declaratory Judgment requiring the Club to provide a defense, including the posting of security for the MRGO Claims.

B. **Proposed Case Management Plan**

1. There are **no pending motions** in this action. However, currently pending in Plaintiff's limitation action in the Eastern District of Louisiana is Plaintiff's motion to dismiss the MRGO Claims. The Eastern District of Louisiana has already granted a motion to dismiss these claims, which decision is currently being appealed to the Fifth Circuit Court of Appeals.

2. No **additional parties** without leave of the Court may be joined after **December 14, 2007.**

3. No **amendments to the pleadings** without leave of the Court will be permitted after **December 14, 2007**.

4. **Proposed Schedule for Completion of Discovery**
   a. The parties will serve their respective **disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure** so that they are received no later than **November 28, 2007**.

   b. Except for good cause shown, all **fact discovery shall be** commenced in time to be completed by **September 15, 2008**.

   c. Each party must serve **its respective expert reports,** if any, so that they are received by counsel for the other party **no later than October 30, 2008**. Each party's respective **rebuttal expert reports**, if any, must be served so that they are received by counsel for the other party **no later than December 1, 2008.**

   d. **Expert discovery** must be completed **no later than January 30, 2009**.

5. **Dispositive Motions** are to be served no later than **February 27, 2009**. Answering papers are to be served within thirty (30) days. Reply papers are to be served within fourteen (14) days. In the event a dispositive motion is made, the date set forth below for submitting the Joint Pre-Trial Order shall be changed from that shown herein to three (3) weeks from the decision on all motions. The final pretrial conference shall be adjourned to a date four (4) weeks from the decision on all motions.

6. The **Joint Pretrial Order** shall be filed no later than **April 6, 2009**.

7. Proposed Trial Schedule
   a. A **jury trial** has been demanded by Plaintiff.

b. Plaintiff believes that the probable length of the trial is fifteen (15) business days. Defendants believe that the probable length of the trial is seven (7) days.



c. A ~~final~~ further **pretrial conference** will be held on October 17, 2008 ~~2009~~ at 11:00 Am. ~~Except as set forth above, this matter will be **trial ready by April 6, 2009** or on a date set by the Court at or following the pretrial conference.~~

C. **Consent to Proceed Before a Magistrate Judge** – At present, the parties **do not consent** to proceed before a Magistrate Judge.

D. **Status of Settlement Discussions** – There have been **no settlement discussions** to date and, as this is an insurance coverage dispute, it is unlikely that the parties will be in a position to discuss settlement until discovery is conducted. The parties **do not request** a settlement conference at this time.

Dated: New York, New York
April 14, 2008

SO ORDERED:

______________________________

X:\Public Word Files\0\800\Legal\Scheduling Order (Revised)(04-09-08) WMF S RR.doc