```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| WEEKS MARINE, INC., <br><br> Plaintiff, <br><br> - against - <br><br> AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., and SHIPOWNERS CLAIMS BUREAU, INC., as the manager of American Steamship, <br><br> Defendants. | ECF CASE <br><br> Case No.: 07 CV 9251 (RJH/DCF) <br><br> STRICTLY PRIVATE AND CONFIDENTIAL <br><br> **STIPULATED <br> PROTECTIVE ORDER** |

**WHEREAS**, Plaintiff Weeks Marine, Inc. ("Plaintiff") has filed the captioned matter against Defendants American Steamship Owners Mutual Protection and Indemnity Association, Inc. (the "American Club" or the "Club") and Shipowners Claims Bureau, Inc. ("SCB," together with the Club, "Defendants"), seeking to have the Club defend and post security on behalf of Plaintiff in connection with the claims (the "MRGO Claims") being asserted against Plaintiff in the class actions filed in the Eastern District of Louisiana (the "Class Actions") seeking damages caused by or resulting from Plaintiff's dredging in the Mississippi River Gulf Outlet (the "MRGO") or the alleged effect of that dredging on flooding caused by Hurricane Katrina;

**WHEREAS**, Plaintiff and Defendants believe that they each may be required in the above-captioned action to produce documents, answer interrogatories and requests for admission, and provide testimony that might reveal confidential information, which may include proprietary business information, trade secrets, nonpublic financial information, research and development information, commercial information relating to future development plans or to competitive

considerations, information relating to negotiations or transactions currently in progress or in prospect, or any other nonpublic, proprietary or confidential business information, or material protected by the attorney client privilege, attorney work product or could otherwise be shared by Plaintiff and Defendants under the Joint Defense Doctrine recognized under FRE 501 without being discoverable by third parties and/or any other privilege. The parties desire to accomplish and facilitate discovery in this action without jeopardizing business, commercial, legal or personal interests in the Confidential Material. Additionally, nothing contained herein will affect the confidentiality of other materials that have been exchanged by parties in other actions or proceedings.

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for the parties to this action, that:

1.  The parties shall have the right to designate as "CONFIDENTIAL" any document, interrogatory answer, response to request for admission, deposition testimony, or other testimony given or produced in this litigation, provided that it concerns "Confidential Material." Such designation shall be made only as to information that a party in good faith believes contains confidential information. Any documents or information designated as "Confidential Material" shall have the legend "CONFIDENTIAL" placed on it and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order.

2.  Confidential Material shall be used by the parties and their counsel solely for the purpose of conducting the above-captioned litigation and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order as set forth in paragraph 3, below. The attorneys of record for

the parties are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulated Protective Order.

3.  Prior to trial, access to Confidential Material and to the information contained therein (including extracts and summaries derived from such material) shall be restricted to the following Qualified Persons:

(a) the attorneys and their staff working on this action on behalf of the parties, and their employees or agents working on this action;

(b) the parties, their employees, officers and agents who are responsible for or working on this action and whose assistance is required in the preparation of this matter for trial;

(c) the parties' senior management and/or board of directors who may be responsible for this action and outside auditors that may be required to review these materials as part of the performance of an audit;

(d) experts, consultants, and their respective staffs who are employed or retained by any of the parties or their counsel, provided that they may not retain the Confidential Material after that use has ended, and further provided that such experts and consultants are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

(e) deposition witnesses, provided that they are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms. In the event a deposition witness refuses to agree to treat such Confidential Material in accordance with the terms of this Stipulated Protective Order, counsel for the parties will attempt to take action by stipulation to provide for the equivalent protection in conformity with the provisions of this Stipulated Protective Order, it being agreed that any stipulation so reached shall not constitute a waiver of any party's claim to Confidential Material protection. If no such stipulation can be agreed upon, counsel for the parties will notify the Court for direction;

(f) private court reporting and document reproduction services;

(g) the Court and its support personnel and court reporters; and

       (h)    any person designated by mutual agreement of the parties, or by the Court in the interest of justice, upon such terms as the Court may deem proper.

4. Every recipient of Confidential Material is hereby enjoined from disclosing such Confidential Material to anyone other than a Qualified Person described in paragraph 3. Any such disclosure shall be deemed a material breach of this Stipulated Protective Order, which may result in irreparable harm to the producing party.

5. The inadvertent failure of a party to designate discovery material as Confidential Material at the time of production shall not constitute a waiver of the party's claim to confidentiality as long as the party promptly designates such material as Confidential Material under the protection of this Stipulated Protective Order. The recipient of such documents agrees to cooperate with the producing party to remedy the inadvertent disclosure.

6. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and its failure to do so shall not preclude a subsequent challenge to such a designation or constitute an acknowledgement that the material is confidential. In the event that a party disagrees at any stage of these proceedings with another party's designation of any material as Confidential Material, the parties shall attempt to resolve such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, a party may, by sealed motion setting forth with specificity the material challenged, seek an order freeing that material from the designation as Confidential Material. Such motion shall be made on notice in accordance with the Federal Rules of Civil Procedure. Any material as to which such a motion is made shall be treated as Confidential Material under the provisions of this Stipulated Protective Order until further order of the Court. In the event that a motion is brought before the Court concerning a confidential designation, the burden to prove that the designated material is subject

to the protections of this Stipulated Protective Order rests with the party making the confidential designation. Further, either party may move the Court, upon notice, to permit disclosure of specified documents, materials, testimony or any other thing, or any portion thereof, designated as "CONFIDENTIAL" to specified persons for specified purposes after the parties have conferred in good faith in an effort to resolve the matter without court intervention.

7.  In the event that counsel for any party files with the Court any Confidential Material or any papers containing or revealing any such material, such material and papers shall be filed only "UNDER SEAL" in a sealed envelope that shall be labeled "Confidential Material Subject to Protective Order" and containing a statement substantially in the following form:

> This envelope contains documents that are filed in this case by [name of party] and is not to be opened, nor the contents thereof to be displayed or revealed, except by Order of this Court.

8.  This Protective Order shall not prevent Confidential Material from being offered or received as evidence at trial, and/or any appeal, subject to such confidentiality measures as the Court may then prescribe, if any. But for such use at trial, Confidential Material shall continue to be treated in accordance with this Stipulated Protective Order. The use or admission of Confidential Material at trial shall not affect the right of the parties to designate the same or similar materials as Confidential Material in any other or subsequent litigation, civil action, or proceeding.

9.  Within sixty (60) days of the termination of this litigation, including settlement or the final determination of any appeal, all Confidential Materials and all copies, summaries, or excerpts thereof, shall either be returned to counsel for the producing party or shall be destroyed. However, counsel may retain its attorney work product and/or copies of Confidential Materials

upon which attorney notes or other work product have been based. With respect to the dissemination of confidential information that has been distributed to Qualified Persons under paragraph 3(a)-(e) of this Stipulated Protective Order, each party shall certify that he or she has recovered all Confidential Material from said Qualified Persons to whom such materials may have been distributed during the litigation and has returned such documents to counsel for the producing party or shall obtain an affidavit from said individuals attesting to the fact that the confidential materials have been destroyed.

10. In the event that any recipient of Confidential Material is served with a subpoena, document request or other request for the production of Confidential Material, such recipient shall assert the existence of this Protective Order and refuse to produce such documents unless ordered to do so by a court of competent jurisdiction. The recipient of the request shall immediately notify counsel for the producing party and if counsel for the producing party moves to quash or prevent such disclosure, the recipient of the request shall cooperate with such counsel.

11. This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, agents and employees, to enforce the provisions hereof.

12. Nothing contained in the Stipulated Protective Order and no action taken pursuant to it shall prejudice or be considered a waiver of the right of any party to oppose any discovery request as provided under the Federal Rules of Civil Procedure. Further, nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice or be considered a waiver of the right of any party to contest the alleged relevancy, admissibility or

discoverability of the Confidential Material. Also, nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice or be considered a waiver of the right of any party to object on any grounds to the admission into evidence at trial or at any hearing of any Confidential Information.

13. Delivery of documents designated as "CONFIDENTIAL" to reputable persons or companies providing copying, messenger or other similar services that do not normally involve the substantive review of information contained in documents for the purpose of obtaining such services shall neither be considered disclosure of Confidential Information nor require counsel to inform such persons of the provisions of this Stipulated Protective Order or obtain their agreement to be bound thereby.

14. Nothing herein shall prevent disclosure beyond the terms of this Stipulated Protective Order if the party designating the information as Confidential Information consents in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

15. This Stipulated Protective Order represents a valid and binding agreement of the parties, effective as of the date executed by their authorized representatives.

16. This Stipulated Protective Order may be executed in two or more counterparts and by facsimile, any one of which may contain the signatures of one or more Parties or their counsel, and all of which when taken together will constitute one and the same agreement.

**AGREED** by and between the parties, by and through their duly authorized representatives, intending to be legally bound, this 14th day of April, 2008.

NICOLETTI HORNIG & SWEENEY

By: _____
John A.V. Nicoletti, Esq.
William M. Fennell, Esq.

Wall Street Plaza, 88 Pine Street
New York, New York 10005
(212) 220-3830

*Attorneys for Plaintiff Weeks Marine, Inc.*

THACHER PROFFITT & WOOD LLP

By: _____
John M. Woods, Esq.
Alan F. Kaufman, Esq.

Two World Financial Center
New York, New York 10281
(212) 912-7400

*Attorneys for Defendants American Steamship Owners Mutual Protection and Indemnity Association, Inc. and Shipowners Claims Bureau, Inc.*

IT IS SO ORDERED, this __20__ day of __April__, 2008.

_____
Richard J. Holwell, U.S.D.J.

E:\Shared\wfennell\Weeks Confidentiality Agreement (FINAL).DOC